# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

                                  **ORDER**
v.                                  Criminal No. 10-64(1) ADM/JSM

Cesar Ernesto Rivas,

        Defendant.

_____

Chris S. Wilton, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

James B. Sheehy, Esq., Sheehy Law, Ltd., Minneapolis, MN, on behalf of Defendant.

_____

       This matter is before the undersigned United States District Judge for a ruling on Defendant Cesar Ernesto Rivas's ("Rivas") motion for revocation or amendment of Magistrate Judge Jeffrey J. Keyes's March 16, 2010 Detention Order [Docket No. 24].[1] In the Detention Order, Judge Keyes found that (1) Plaintiff United States of America ("the Government") established probable cause to believe that Rivas conspired to distribute methamphetamine; (2) the presumption of detention set forth in 18 U.S.C. § 3142(e) applies; and (3) after considering the factors set forth in 18 U.S.C. § 3142(g), no condition or combination of conditions would reasonably assure Rivas's appearance at court proceedings and the safety of the community.

       This Court reviews a magistrate judge's detention order de novo. 18 U.S.C. § 3145(b); United States v. Maull, 773 F.2d 1479, 1481 (8th Cir. 1985) (en banc). The Eighth Circuit Court of Appeals recognizes "either danger to the community or risk of flight is sufficient to authorize

---

[1] Rivas entitles his motion, "Objections to Magistrate Judge's Order for Detention" [Docket No. 27]. The Court construes this document as a motion for revocation or amendment of a detention order pursuant to 18 U.S.C. § 3145(b).

detention." United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986). When, as here, the indictment charges a violation of the Controlled Substances Act carrying a maximum term of imprisonment of ten years or more,[2] there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(A).

Rivas argues that Judge Keyes failed to discuss all the factors listed in § 3142(g): the nature and circumstances of the offense charged; the weight of the evidence against him; his history and characteristics; and the nature and seriousness of the danger to any person or the community posed by his release. He contends that a proper consideration of those factors shows that release on conditions, rather than detention, is warranted and that Judge Keyes did not adequately consider release on bond or pursuant to a condition or combination of conditions before concluding that detention is justified.

Having conducted a de novo review of the four factors set forth in § 3142(g), the Court agrees with Judge Keyes that the Government has established by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Rivas's appearance at court proceedings and that Rivas has not rebutted the presumption of detention under § 3142(e)(3)(A) that is applicable in this case. Specifically, although the Court has received letters from several of Rivas's friends and family members claiming he is a responsible family man with ties to the community in Sacramento, California, he has no ties to Minnesota and the circumstances of the offense charged are serious—it is alleged that he conspired to

---

[2] Rivas is charged with conspiring to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, an offense which carries a maximum sentence of life imprisonment. 21 U.S.C. § 841(b)(1)(A)(viii).

distribute a significant amount (five pounds) of methamphetamine.  Criminal Complaint [Docket No. 1], Mento Aff. ¶¶ 3-8.  The Court has considered the alternatives of releasing Rivas on bond or pursuant to a condition or combination of conditions instead of ordering detention and concludes that those alternatives will not reasonably assure his appearance.  Because detention is warranted on the basis that Rivas poses a flight risk, the Court need not address whether detention would also be justified to reasonably assure the safety of the community.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Rivas's motion for revocation or amendment [Docket No. 27] of the detention order is **DENIED** and Rivas shall remain in the custody of the United States Marshal pending trial.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  April 23, 2010.